**BRYAN CAVE LLP**
Daniel Rockey, California Bar No. 137454
Joseph J. Poppen, California Bar No. 239282
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070
Telephone:      (415) 675-3400
Facsimile:      (415) 675-3434
Email:            joseph.poppen@bryancave.com


Attorneys for Defendant
JPMORGAN CHASE BANK, N.A. (erroneously sued as "JPMORGAN")

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DAVID MERRITT & SALMA MERRITT<br><br>Plaintiffs<br><br>v.<br><br>JPMORGAN, JAMIE DIMOND, SPECIALIZED LOAN SERVICES, TOBEY WELLS, AMI MCKERNAN,  LES ZIEVE, BRODNAX & STEELE LLP, JOHN STEELE, MICHAEL BUSBY, U.S. BANK NATIONAL ASSOCIATION, ANDREW J. CECERE, REAL TIME RESOLUTIONS, ERIC GREEN,<br><br>Defendants. | Case No.: 5:17-cv-0 6101-LHK<br><br>**NOTICE OF MOTION, AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Filed concurrently with Request for Judicial Notice, and [Proposed] Order]<br><br>Date:  February 15, 2018<br>Time: 1:30 p.m.<br>Courtroom:  8<br><br>The Honorable Lucy H. Koh<br>280 South 1st Street,<br>San Jose, CA 95113<br>Action Filed: October 25, 2017<br>Trial Date: None |

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

USA01\11071712.1

**TO PLAINTIFFS DAVID MERRITT & SALMA MERRITT, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that on February 15, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 8, located at 280 South 1st Street, San Jose, CA 95113, defendant JPMorgan Chase Bank, N.A. ("Chase") will and hereby does move this Court to dismiss the Complaint filed by David and Salma Merritt (the, "Merritts") with prejudice.

This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and is based upon the grounds that the Merritts' Complaint, and each cause of action therein, is time-barred under the applicable statutes of limitation, is barred as a matter of law by the *res judicata* doctrine, and otherwise fails to state a claim upon which relief can be granted against Chase based upon Chase or Bear Stearns' alleged actions, because the Merritts have failed to plead the essential facts which give rise to their claims and/or the claims are barred on their face, as confirmed by matters attached to the Complaint and matters which may properly be judicially noticed by this Court.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

Dated:  December 22, 2017          **BRYAN CAVE LLP**

By:   /s/ Joseph J. Poppen
     _____
     Joseph J. Poppen
     Attorneys for Defendant
     JPMORGAN CHASE BANK, N.A.

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................i

I.      INTRODUCTION..............................................................................................1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................2

    A.  The Merritts Obtain a Loan from Countrywide in 2006, and Stop Paying in 2008...................................................................................................2

    B.  The Merritts' First Federal Suit Asserting Fraud, RICO and FDCPA Claims....................................................................................................2

    C.  The Merritts' State Court Action Against Countrywide, Bank of America, Wells Fargo, Bear Stearns and JPMorgan Chase Bank, N.A...................................4

    D.  The Santa Clara County Superior Court Deems the Merritts Vexatious Litigants...................................................................................................6

III.    STANDARD FOR MOTION TO DISMISS ......................................................7

IV.     LEGAL ARGUMENT ......................................................................................7

    A.  All of the Merritts' Claims Against Chase and Bear Stearns Are Time-Barred ....................................................................................................7

        1.  The Merritts' RICO and Fraud Claims are Time-Barred ............................7

        2.  The Merritts' Unjust Enrichment Claim is Time-Barred ...........................10

        3.  The Merritts' FDCPA Claim is Time-Barred to the Extent it is Premised on Any Alleged Conduct Occurring Prior to October 25, 2016...................................................................................................11

    B.  The Merritts' Complaint is Barred by *Res Judicata* .............................11

        1.  *Merritt I* Involved the Same "Claim or Cause of Action" .........................12

        2.  *Merritt I* Was Adjudicated on the Merits ..................................13

        3.  *Merritt I* Involved the Same Parties or Privies..............................14

    C.  The Complaint Fails to State a RICO Claim Against Bear Stearns or Chase .........15

    D.  The Complaint Fails to State a Fraud Claim Against Bear Stearns or Chase .........16

    E.  The Complaint Fails to State an Unjust Enrichment Claim Against Bear Stearns or.................................................................................................18

    F.  The Complaint Fails to State a FDCPA Claim Against Bear Stearns or Chase ........................................................................................................18

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

G.      The Complaint Fails to State a Claim for Purported Violation of the
        Uniform Commercial Code Against Bear Stearns or Chase ...................................20

H.      No Leave to Amend Should Be Granted Because Amendment is Futile................21

V.      CONCLUSION ...............................................................................................................22

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

1

# TABLE OF AUTHORITIES

2

## Cases

3

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*,
  125 F. Supp. 3d 945 (N.D. Cal. 2015) ...................................................... 20, 21

4

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
  7 Cal.4th 503 (1994) .......................................................................................... 17

5

6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................... 7, 17, 19, 21

7

*B.R. v. Beacon Health Options*,
  2017 WL 5665667 (N.D. Cal. 2017) ............................................................. 17

8

*Bell Atl. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 7

9

10

*Bernardi v. Deutsche Bank Nat'l Trust Co. Am.*,
  2013 WL 163285 (N.D. Cal. 2013) ............................................................... 20

11

*Bernardi v. JP Morgan Chase Bank, N.A.*,
  2012 WL 2343679 (N.D. Cal. 2012) ............................................................. 18

12

13

*Carter v. Money Tree Co.*,
  532 F.2d 113 (8th Cir. 1976) .......................................................................... 14

14

*Chao v. A–One Med. Servs., Inc.*,
  346 F.3d 908 (9th Cir. 2003) .......................................................................... 12

15

16

*Classic Auto Refinishing, Inc. v. Marino*,
  181 F.3d 1142 (9th Cir. 1999) .................................................................. 13, 14

17

*Costantini v. Trans World Airlines*,
  681 F.2d 1199 (9th Cir. 1982) .................................................................. 12, 15

18

*Curtis v. Citibank, N.A.*,
  226 F.3d 133 (2d Cir. 2000) ........................................................................... 13

19

20

*Deutsch v. Turner* Corp.,
  324 F.3d 692 (9th Cir. 2003) .......................................................................... 21

21

*DKN Holdings LLC v. Faerber*,
  352 P.3d 378 (2015) ......................................................................................... 14

22

23

*F.D.I.C. v. Dintino*,
  167 Cal.App.4th 333 (2008) ..................................................................... 10, 11

24

*Federated Dept. Stores, Inc. v. Moitie*,
  452 U.S. 394 (1981) ......................................................................................... 12

25

*Finley v. Dynamic Recovery Sols. LLC*,
  2015 WL 5728307 (N.D. Cal. 2015) ............................................................. 11

26

27

*Frank v. United Airlines, Inc.*,
  216 F.3d 845 (9th Cir. 2000) .......................................................................... 11

28

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

*Furnace v. Giurbino,*
  838 F.3d 1019 (9th Cir. 2016)............................................................................... 14

*Gen-Probe, Inc. v. Amoco Corp., Inc.,*
  926 F. Supp. 948 (S.D. Cal. 1996)........................................................................ 20

*Hill v. Roll Int'l Corp.,*
  195 Cal. App. 4th 1295 (2011)...................................................................... 11, 18

*Ho v. ReconTrust Co., NA,*
  858 F.3d 568 (9th Cir. 2016)................................................................................ 20

*Jones v. Best Service Company,*
  2017 WL 490902 (C.D. Cal. 2017)....................................................................... 19

*Kemp v. International Business Machines,*
  2010 WL 4698490 (N.D. Cal. 2010)..................................................................... 17

*Librizzi v. Ocwen Loan Servicing, LLC,*
  120 F.Supp.3d 1368 (S.D. Fla. 2015).................................................................... 20

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.,*
  431 F.3d 353 (9th Cir. 2005)................................................................................. 15

*Lopez v. Professional Collection Consultants,*
  2011 WL 4964886 (C.D. Cal. 2011)..................................................................... 20

*Martinez v. Trinity Financial Services, LLC,*
  2017 WL 4071386 (N.D. Cal. 2017)..................................................................... 19

*Merritt v. Countrywide Financial Corp.,*
  583 Fed.Appx. 662 (9th Cir. 2014)......................................................................... 3

*Merritt v. Countrywide Financial Corp.,*
  759 F.3d 1023 (9th Cir. 2014)................................................................................. 3

*Merritt v. Gandhi,*
  2015 WL 2446506 (2015)........................................................................................ 7

*Merritt v. Mozilo,*
  2013 WL 4942063 (2013)........................................................................................ 5

*Mir v. Frandzel, Robin, Bloom, Csato, LC,*
  2016 WL 4425715 (C.D. Cal. 2016)..................................................................... 12

*Moore v. Kayport Package Exp., Inc.,*
  885 F.2d 531 (9th Cir.1989).................................................................... 15, 16, 17

*Mpoyo v. Litton ElectroOptical Systems,*
  430 F.3d 985 (9th Cir. 2005)..................................................................... 11, 12, 14

*Nilsen v. City of Moss Point, Miss.,*
  701 F.2d 556 (5th Cir. 1983)................................................................................. 14

*Peterson v. Cellco P'ship,*
  164 Cal. App. 4th 1583, 1593 (2008).................................................................... 18

*Pincay v. Andrews,*
  238 F.3d 1106 (9th Cir. 2001)...................................................................... 8, 9, 10

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
　　522 F.3d 1049 (9th Cir. 2008)..................................................................... 8, 9, 10

*Rowe v. Educ. Credit Mgmt. Corp.*,
　　559 F.3d 1028, 1031 (9th Cir. 2009)....................................................................... 18

*Solis v. National Default Servicing Corp.*,
　　2017 WL 1709355 (N.D. Cal. 2017)........................................................................ 21

*Spector v. El Ranco, Inc.*,
　　263 F.2d 143 (9th Cir. 1959)................................................................................... 14

*Stewart v. U.S. Bancorp*,
　　297 F.3d 953 (9th Cir. 2002).................................................................................. 13

*Swartz v. KPMG LLP*,
　　476 F.3d 756 (9th Cir. 2007)................................................................................... 17

*Tamasha Town and Country Club v. McAlester Construction Finance Corp.*,
　　252 F. Supp. 80 (S.D. Cal. 1966)............................................................................... 9

*Tang v. California Reconveyance Co.*,
　　2011 WL 2581416 (N.D. Cal. 2011)........................................................................ 21

*Tapang v. Wells Fargo Bank, N.A.*,
　　2012 WL 3778965 (N.D. Cal. 2012)................................................................. 15, 16

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
　　2 Cal. App. 4th 153 (1991)...................................................................................... 16

*United States v. Schimmels*,
　　127 F.3d 875 (9th Cir. 1997)................................................................................... 14

*Wilhelm v. Pray, Price, Williams & Russell*,
　　186 Cal. App. 3d 1324 (1986)................................................................................. 16

*Yhudai v. Impac Funding Corp.*,
　　1 Cal.App.5th 1252 (2016)............................................................................... 19, 21

*Yvanova v. New Century Mortg. Corp.*,
　　365 P.3d 845 (Cal. 2016)........................................................................................ 19

**Statutes**

15 U.S.C. § 1692a(6)....................................................................................................... 18
15 U.S.C. § 1692f............................................................................................... 18, 19, 20
15 U.S.C. § 1692k(d)...................................................................................................... 11
18 U.S.C. § 1961(1)................................................................................................. 15, 16
18 U.S.C. § 1961(5)........................................................................................................ 15
Cal. Civ. Proc. Code § 338............................................................................................. 10
Cal. Civ. Proc. Code § 338(d).......................................................................................... 8

**Rules**

Fed. R. Civ. P.  9(b)............................................................................................ 15, 16, 17
Fed. R. Civ. P. 12(b)(6)........................................................................................... passim
Fed. R. Civ. P. 12(f)........................................................................................................ 4

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

iii

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant JPMorgan Chase Bank, N.A. ("Chase") now moves to dismiss the Complaint by plaintiffs David and Salma Merritt (the, "Merritts"), pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Each of the Merritts' causes of action is premised upon a loan that they obtained from Countrywide Financial Services ("CFC") on March 27, 2006 (the "2006 CFC Loan"), by which they purchased a condominium located at 660 Pinnacles Terrance, Sunnyvale, California (the, "Property").  The Merritts concede they stopped making their payments in 2008, and on March 18, 2009 they filed an action in this Court against CFC and other defendants (*Merritt v. Countrywide Financial Corp., et. al.*, case no. 5:09-cv-01179) ("*Merritt I*").  On December 22, 2009, they filed a second suit based upon the same allegations against CFC and other defendants in the Santa Clara County Superior Court (*Merritt v. Mozilo, et al.*, case no. 109CV159993) ("*Merritt II*").

In both prior cases, the Merritts asserted countless causes of action involving wide-ranging allegations purporting to show that CFC, its corporate executives, and later Bank of America, N.A. ("BOA"), and its corporate executives, conspired to defraud them into entering into the 2006 CFC Loan.  They also named Chase and Bear Stearns as defendants in *Merritt I* and *Merritt II*, as well as other lenders, such as Wells Fargo.  The state court in *Merritt II* dismissed their claims against Chase and Bear Stearns with prejudice on November 19, 2014.  This Court's February 12, 2015 and September 17, 2015 Orders in *Merritt I* likewise dismissed Chase and Bear Stearns with prejudice, and on June 29, 2016 this Court entered its Judgment dismissing *Merritt I* in its entirety.

After they filed *Merritt I* and *Merritt II*, the Santa Clara County Superior Court entered an Order declaring the Merritts vexatious litigants, which precludes them from filing new litigation *in propria persona* in any California state court without obtaining a pre-filing order from the presiding judge of the court where the litigation is proposed to be filed.  Apparently unwilling to subject the instant Complaint to review by a state court judge, the Merritts simply reasserted their meritless claims in this Court.

However, as explained in detail below, the Merritts' Complaint, and their judicially

---

[1] All further statutory references are to the Federal Rules of Civil Procedure unless otherwise stated.

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

noticeable Complaints in *Merritt I* and *Merritt II*, confirm that the claims they are reasserting against Chase are based upon their now twice rejected theory that CFC and BOA conspired to defraud them into entering the 2006 CFC Loan.  As such, all of their Complaint's causes of action are indisputably time-barred by the applicable statutes of limitation, and also barred by *res judicata* based upon this Court's Orders and Judgment in *Merritt I*.  Finally, none of the causes of action against Chase are supported by allegations of fact sufficient to state any claim for relief.

Because all of the Merritts' causes of action fail as a matter of law, amendment would be futile, and the Court should grant this motion to dismiss with prejudice, as explained below.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.  The Merritts Obtain a Loan from Countrywide in 2006, and Stop Paying in 2008

The Merritts obtained the 2006 CFC Loan in the amount of $591,200 on March 27, 2006, which was secured by a Deed of Trust recorded against the Property.  Complaint ("Compl.") at ¶ 47; *see also* Request for Judicial Notice ("RJN") Exh. A.  The Merritts made their monthly payments to CFC starting in "2006," and "made their last mortgage payment in October 2008." Compl. at ¶¶ 66, 70.  They claim they were not given copies of the 2006 CFC Loan documents until "January 2009," at which time a real estate attorney "helped them identify the fraud that occurred in the origination and servicing of the loans."  *Id.* at ¶ 72.

CFC was subsequently purchased by BOA, and on February 24, 2009, BOA sent the Merritts a "loan modification agreement," which the Merritts signed that day.  Compl. at ¶¶ 73-74. However, the Merritts never made "any payments thereto …."  *Id.* at ¶ 76.

### B.  The Merritts' First Federal Suit Asserting Fraud, RICO and FDCPA Claims

The Merritts filed a Complaint in this Court on March 18, 2009 (*Merritt I*).  RJN, Exh. B. They named as defendants CFC, Countrywide Home Loans ("CHL"), CFC executives Angelo Mozilo and David Sambol, a CFC branch manager named Michael Colyer, BOA, its executive Ken Lewis (all collectively referred to as the "CFC and BOA Defendants"), as well as Wells Fargo, N.A.  *Id.* at ¶¶ 2-13.  The Merritts' Complaint asserted a fraud claim, and five other claims, all premised on allegations that the named defendants had defrauded them into entering the 2006 CFC Loan which had unfavorable terms.  *See id.* at ¶¶ 219-220; *see also* ¶¶ 21-198.  The Merritts

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

filed a First Amended Complaint, and then filed their Second Amended Complaint on June 19, 2009, which, as relevant here, asserted causes of action for fraud, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), among numerous other state and federal causes of action.  *See* RJN, Exh. C.  Each claim was premised upon allegations that the CFC and BOA Defendants conspired to defraud them into entering the 2006 CFC Loan.  *See id.*

The CFC and BOA Defendants moved to dismiss the Second Amended Complaint, and on October 28, 2009, District Court Judge James Ware granted the motion, dismissed all of the Merritts' federal claims with prejudice, and dismissed their state law claims without prejudice to refiling in state court.  *See* RJN, Exh. D.  The Merritts appealed the dismissal of their TILA and RESPA claims, and upon review, the Ninth Circuit Court of Appeals affirmed dismissal of their RESPA "Section 9 claim," and their TILA "damages claim as timebarred."  *Merritt v. Countrywide Financial Corp.*, 583 Fed.Appx. 662, 664 (9th Cir. 2014).  However, the appellate court reversed dismissal of the TILA "rescission" claim, and vacated dismissal of the RESPA "Section 8 claims" for the district court to reconsider the later claims under the standards set forth in a recently decided case. *Merritt v. Countrywide Financial Corp.*, 759 F.3d 1023 (9th Cir. 2014).

Upon remand, the case was reassigned to Judge Beth Labson Freeman given Judge Ware's retirement, and Judge Freeman interpreted the Ninth Circuit's remand Order as allowing the Merritts leave to amend as to all claims previously dismissed, including their RICO and fraud claims, but precluded the Merritts from asserting new causes of action, or adding new defendants, in their Third Amended Complaint.  RJN, Exh. E.

The Merritts filed their 126 page, 438 paragraph, Third Amended Complaint on January 2, 2015.  RJN, Exh. F.  They named the CFC and BOA Defendants, but also added Chase and Bear Stearns as named defendants, and asserted that Chase and Bear Stearns were somehow part of the CFC and BOA Defendants' alleged conspiracy to defraud them into entering the 2006 CFC Loan. *See id.*

The Merritts subsequently requested the Court to ratify their naming of Chase and Bear

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

Stearns as defendants without leave, and on February 12, 2015, Judge Freeman issued an Order denying their request, and ordered that the Third Amended Complaint "minus the new parties identified in the caption," was the operative complaint.  RJN, Exh. E at pgs. 2-3.

On September 17, 2015, Judge Freeman entered a 45 page "Order on Motions," as to the Third Amended Complaint.  RJN, Exh. G.  Pursuant to Rule 12(f), the Order struck Chase and Bear Stearns as named defendants, and stated that Chase and Bear Stearns "may not be re-named as defendants." *Id*. at pg. 44.  Substantively, and as relevant here, Judge Freeman dismissed with prejudice both of the Merritts' RICO claims on the grounds that "the RICO claims in the TAC are time-barred and not subject to amendment," and devoted six pages of analysis to that Rule 12(b)(6) ruling.  *Id*. at pg. 28; *see also* pgs. 23-28.[2]  The Court granted the motion with leave to amend as to the Merritts' federal discrimination claims, and stayed their state law claims, including the fraud and unjust enrichment claims.  *Id*. at pgs. 38-45.

The Merritts filed their Fourth Amended Complaint on December 10, 2015, and they also filed a separate request for leave to amend to state their RICO claims against Chase and Bear Stearns.  *See* RJN, Exh. I at pg. 21-25; *see also* Exh. H at Dkt. 228; 229.

On June 29, 2016, Judge Freeman entered a 25 page Order dismissing the Merritts' Fourth Amended Complaint in its entirety and "with prejudice," and also specifically denied the Merritts' motion for leave to amend to state their RICO claims against Chase and Bear Stearns because "the Court finds that reigniting a case against them after dismissal with prejudice would be prejudicial ***because the proposed amendments would be futile***."  RJN, Exh. I at pg. 23 (emphasis supplied). The Court therefore entered a Judgment dismissing *Merritt I*.  RJN, Exh. J.

**C.  The Merritts' State Court Action Against Countrywide, Bank of America, Wells Fargo, Bear Stearns and JPMorgan Chase Bank, N.A.**

As noted above, Judge Ware's October 28, 2009 Order declined to exercise supplemental jurisdiction over the Merritts' state law claims.  RJN, Exh. D.  Consequently, on December 22,

---

[2] The Court also found a "more fundamental" problem in the Merritts' RICO claims, as they "continue to fail to set forth each defendant's alleged misrepresentations with specificity," and the Court expressed "grave concerns regarding Plaintiffs' Rule 11 basis for the bulk of their allegations" as "Plaintiffs frequently allege the contents of conversations among the defendants of which it is clear they could not have personal knowledge."  RJN, Exh. G at pgs. 25-26.

2009, the Merritts filed a 62 page, 349 paragraph, Complaint in the Santa Clara County Superior Court against the CFC and BOA Defendants, as well as Wells Fargo (*Merritt II*).  RJN, Exh. K. The Merritts' Complaint reasserted their causes of action for conspiracy to defraud, and other claims, all premised on allegations that the CFC and BOA Defendants conspired to defraud them into entering the 2006 CFC Loan.  *Id*. at ¶¶ 322-325; *see also* ¶¶ 1-349.

After various motions and applications by the Merritts, they filed First and Second Amended Complaints, and on April 15, 2011 filed their Third Amended Complaint, the allegations of which they verified under penalty of perjury.  RJN, Exh. L at pgs. 100-101.  As before, they alleged that the CFC and BOA Defendants, and Wells Fargo, had conspired to defraud them into entering the 2006 CFC Loan.  *Id*. at ¶¶ 28-336.  However, the Merritts now also alleged that "Does 1-30, who made the representations herein alleged, is the CEO, Board of Directors, President(s), Vice President(s) and other managers of Bear Stearns …"  *Id*. at ¶ 18.  The Merritts asserted each of their causes of action, including their conspiracy to defraud claim premised on the 2006 CFC Loan, against Bear Stearns by its name and as Doe 1, and they also stated countless allegations against Chase.  *Id*. at fn.1; *see also* ¶¶ 28-336.

On August 10, 2011, the state court entered its Order as to the CFC and BOA Defendants' demurrer to the Third Amended Complaint, which was overruled in part, sustained in part with leave to amend, and sustained in part without leave to amend.  RJN, Exh. M.[3]

On March 8, 2012, the Merritts filed their 188 page Fourth Amended Complaint, which they entitled "Updated Third Amended Complaint Reactivating Wells Fargo & Amending Bear Stearns …," and which they verified under penalty of perjury.  RJN, Exh. N at pg. 188.  As relevant here, the Fourth Amended Complaint reasserted the Merritts' conspiracy to defraud claim premised on the 2006 CFC Loan's origination, and other claims premised thereon, against the CFC and BOA Defendants, Wells Fargo, and Bear Stearns.  *Id*. at ¶¶ 2-338.  They also alleged that Bear Stearns filed for bankruptcy in 2008, that "JP Morgan Chase" had "purchased" Bear Stearns at that time, and that Chase was thus "liable for the illegal acts of Bear Stearns…"  *Id*. at ¶¶ 9-10.

On September 19, 2014, the state court, Judge Patricia Lucas presiding, entered an Order

[3] The Merritts appealed this Order.  *See Merritt v. Mozilo*, 2013 WL 4942063 (2013).

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS COMPLAINT

1   granting the CFC and BOA Defendants' motion for judgment on the pleadings, and dismissed all

2   claims against them with prejudice.  RJN, Exh. O.  As relevant here, the court ruled that the

3   conspiracy to defraud claim was time-barred by the applicable three-year statute of limitation

4   because the claim was premised on alleged actions that culminated in the Merritts entering the

5   March 27, 2006 Loan, and the claim was not first asserted until over three years later when the

6   state court Complaint was filed on December 22, 2009.  *Id*. at pgs. 5-11.  The basis of that ruling

7   was that the Merritts' Fourth Amended Complaint concedes that on "March 28, 2006, when they

8   read loan documents, [they] concluded that they had not been given the loan they had been

9   promised, became 'surprised and concerned,' and complained to Colyer."  *Id*. at pg. 8 citing RJN,

10   Exh. N at ¶¶ 225-226.  The court also dismissed the Merritts' fourth and fifth causes of action

11   seeking rescission as against defendants CHL, Colyer, Mozilo, and Sambol, because the Merritts

12   did not allege those "defendants obtained any of Plaintiff's money or property."  *Id*. at pgs. 12-13.[4]

13          Chase, appearing on behalf of Bear Stearns, filed a motion for judgment on the pleadings

14   asserting, among other arguments, that each cause of action in the Fourth Amended Complaint

15   alleged against Chase was barred by the applicable statute of limitations, and that no conspiracy

16   between Bear Stearns and the CFC and BOA Defendants could be established because the claims

17   against the CFC and BOA Defendants had been dismissed with prejudice.  RJN, Exh. P.  On

18   November 19, 2014, the state court granted Chase's motion with prejudice on the grounds that

19   Chase's only purported liability arose from the allegations that Bear Stearns conspired with the

20   CFC Defendants, and since the claims against the CFC Defendants had been dismissed, "there can

21   be no liability against Chase."  RJN, Exh. Q.[5]  No judgment was entered.

22          **D.  The Santa Clara County Superior Court Deems the Merritts Vexatious Litigants**

23          On February 8, 2013, the Santa Clara County Superior Court entered an Order deeming

24   David and Salma Merritt to be vexatious litigants under California Code of Civil Procedure

25   section 391(b)(3).  *See* RJN, Exh. R.  Among other things, the vexatious litigant Order includes a

26   "prefiling order" requirement, which "prohibits [the Merritts] from filing any new litigation in the

27

28   ────────────────
     [4] The Merritts appealed these rulings, and briefing is not complete as of this filing.
     [5] The Merritts appealed these rulings, and briefing is not complete as of this filing.

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

courts of this state *in propria persona* without first obtaining leave of the presiding judge of the court where the ligation is proposed to be filed" *See id*. at pg. 2.

The Merritts appealed the vexatious litigant Order, and the Sixth District, California Court of Appeal, affirmed in full. *See Merritt v. Gandhi,* 2015 WL 2446506 (2015). Writing for the court, Justice Conrad Rushing held that "[t]he sheer volume of appellants' filings cumulatively demonstrates their vexatiousness. (citation omitted.) Appellants' litigation conduct in the present case alone unreasonably impacted both respondents and the courts, and qualifies them for a designation of vexations litigants. Moreover, appellants' consistent filings in this case, including 18 other appellant actions, demonstrate their vexatiousness." *Id*. at *3.

Barred from filing lawsuits *in propria persona* without the preapproval of a state court judge, the Merritts filed suit in this Court on October 25, 2017. Dkt. 1. No foreclosure sale has occurred, and the Merritts retain possession of the Property to this day. *See* Compl. at ¶ 16.

## III.   STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(6), a defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) ("*Iqbal*"). However, "[t]hread-bare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice." *Id*., quoting *Twombly*, 550 U.S. at 556. Nonetheless, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 664. This determination is context specific, but "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly,* 550 U.S. at 555.

## IV.   LEGAL ARGUMENT

### A.   All of the Merritts' Claims Against Chase and Bear Stearns Are Time-Barred

#### 1.   The Merritts' RICO and Fraud Claims are Time-Barred

Civil RICO claims have a four-year statute of limitations, which begins to run when a

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

plaintiff knows or should have known of the injury underlying the action. *Pincay v. Andrews*, 238 F.3d 1106, 1108-09 (9th Cir. 2001). A three year statute applies to the Merritts' fraud claim, which also commences when the plaintiff discovers, or should have discovered, the facts constituting the fraud. *See* Cal. Code Civ. Proced. § 338(d); *see also Platt Elec. Supply, Inc. v. EOFF Elec., Inc*., 522 F.3d 1049, 1057 (9th Cir. 2008) ("*Platt*").

Here, the Merritts' fraud claim - and their RICO claims premised on the alleged fraud - are materially identical to the fraud and RICO claims they asserted in *Merritt I,* which the Merritts expressly admit. *See* Compl. ¶ 77 ("In March 2009 the Merritts commenced Merritt v. CFC et al in Northern District of California, 09-01179 ***bringing these and other allegations against BofA et al*** ….") (emphasis added). On any interpretation of the instant Complaint, the only basis for their fraud and RICO claims is the Loan they obtained from CFC in 2006. *See* Compl. ¶¶ 1-152. This is also confirmed by the Merritts' alleged damages, which, according to them, was being "[s]teered into loans whose complex terms have been misrepresented …" Compl. at ¶ 146. Indeed, they expressly assert their purported damages were "a proximate result of Countrywide misrepresentations" which purportedly "defrauded" them of "$9,300 loan costs …," and other amounts they purportedly paid to CFC under the Loan's terms. Compl. at pg. 24:17-20.

However, as noted above, on September 19, 2014, Judge Lucas ruled that the Merritts' conspiracy to defraud claims, premised on their collusion theory that culminated in their acceptance of the Loan on March 27, 2006, were time-barred because the claims accrued on "March 28, 2006, when they read loan documents, concluded that they had not been given the loan they had been promised, became 'surprised and concerned,' and complained to Colyer." RJN, Exh. O at pg. 8 citing RJN, Exh. N at ¶¶ 225-226. As the Merritts have merely reasserted this same conspiracy to defraud theory premised on their acceptance of the March 27, 2006 Loan in this case, filed over seven years after they filed *Merritt II* on December 22, 2009, it follows necessarily that their verified allegations in *Merritt II* show that their fraud claim, and their RICO claims premised on their fraud allegations, are time-barred for the same reasons identified in *Merritt II*. Specifically, because their fraud and RICO claims accrued on March 28, 2006, and were not asserted in this case until October 25, 2017, they are time-barred by over seven years

1   (RICO), and eight years (fraud), respectively.  *See Pincay,* 238 F.3d at 1108-09; *see also Platt,*

2   522 F.3d at 1057.

3       As a second independent alterative basis, the fraud and RICO claims are also time-barred

4   because here the Merritts concede that in "January 2009," BOA provided them their Loan

5   documents, and a real estate attorney at that time helped them "identify the fraud that occurred in

6   the origination and servicing of the loans."  Compl. at ¶ 72.  This allegation, and their concession

7   that they did not make any payments to CFC, BOA, or any other lender after "October 2008"

8   (Compl. at ¶ 70), shows that the Merritts were aware of the purported fraud of which they

9   complain no later than January 2009, and did not sustain any purported damage after October

10  2008, which shows their fraud-based RICO claims, and their standalone fraud claim, accrued in

11  January 2009, at the latest.  *See Pincay,* 238 F.3d at 1108-09; *see also Platt,* 522 F.3d at 1057.

12  Consequently, the Merritts' RICO claims, first asserted in this case on October 25, 2017, are time-

13  barred by over four years, and their fraud claim is time-barred by over five years.  *See id.*

14      As a third independent alternative basis, the Merritts expressly asserted their belief that

15  Bear Stearns and Chase were involved in a conspiracy with the CFC and BOA Defendants to

16  defraud them into entering the 2006 CFC Loan on April 15, 2011, when they filed their verified

17  Third Amended Complaint in *Merritt II* naming "Bear Stearns" and its "CEO, Board of Directors,

18  President(s), Vice President(s) and other managers" as defendants (RJN, Exh. L at ¶¶ 17-18), and

19  asserted that Bear Stearns and Chase were part of the CFC and BOA Defendants' alleged

20  conspiracy to defraud them into obtaining the 2006 CFC Loan.  *Id.* at ¶¶ 32-336.  Because the

21  Merritts already asserted these conspiracy to defraud allegations against Bear Stearns and Chase

22  on April 15, 2011, their fraud claim was time-barred as of April 16, 2014, and their RICO claim,

23  premised on their conspiracy to defraud allegations, was time-barred as of April 16, 2015.  *See*

24  *Pincay,* 238 F.3d at 1108-09; *Platt,* 522 F.3d at 1057.

25      As a final independent alternative ground, the Merritts were indisputably aware of the basis

26  of their claims against both Bear Stearns and Chase on March 8, 2012 when they filed their Fourth

27  Amended Complaint in *Merritt II,* which named both Bear Stearns and Chase as defendants.  *See*

28  RJN, Exh. N.  As noted in Section II(C) above, the Merritts alleged that "Bear Stearns acted as a

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

principal with co-conspirator of (*sic*) BofA … Countrywide ….” (*id.* at ¶ 9), and that in “2008 Bear Stearns … was purchased by JPMorgan Chase … [who] … “is liable for the illegal acts of Bear Stearns.” *Id.* at ¶ 10.  Also as before, the Merritts asserted that Bear Stearns and Chase were part of the CFC and BOA Defendants’ alleged conspiracy to defraud them into obtaining the 2006 CFC Loan.  *Id.* at ¶¶ 2-374.  Thus, even if the March 8, 2012 filing date of the Fourth Amended Complaint is taken as the accrual date, the Merritts’ fraud claim in this case would have had to have been asserted by no later than March 9, 2015, and their RICO claims would have had to have been asserted by no later than March 9, 2016.  *See, e.g.*, *Pincay*, 238 F.3d at 1108-09; *see also Platt*, 522 F.3d at 1057.  However, they were not asserted until October 25, 2017.  As such, the RICO and fraud claims are indisputably time-barred.  *See id.*

### 2.    The Merritts’ Unjust Enrichment Claim is Time-Barred

A three year statute of limitations applies to the Merritts’ unjust enrichment claim. *F.D.I.C. v. Dintino*, 167 Cal.App.4th 333, 348 (2008) (“*Dintino*”) citing Cal. Code Civ. Proced. § 338.  The only allegations in the Complaint regarding the payment of money are those claiming the Merritts made monthly payments to CFC starting in March 2006, and ending with their last payment to CFC in “October 2008.”  Compl. ¶¶ 66, 70.  Although the Merritts fail to allege they paid any money to Chase or Bear Stearns, and while Chase does not concede that it can be held liable based upon any payments made to CFC or BOA, any unjust enrichment claim based upon the Merritts’ payments under the 2006 CFC Loan is time-barred by over six (6) years, and should be dismissed.  *See Dintino*, 167 Cal.App.4th at 348.

Furthermore, in their March 8, 2012 Fourth Amended Complaint in *Merritt II*, the Merrrits’ fourth and fifth causes of action against Chase and Bear Stearns sought restitution of unidentified monies based on their conspiracy to defraud allegations.  *See, e.g.,* RJN, Exh. N at ¶ 350 (seeking relief “as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by such unfair competition.”); *see also* ¶¶ 349-374; Exh. O at pgs. 12-13 (dismissing fourth and fifth causes of action as against defendants CHL, Colyer, Mozilo, and Sambol because no allegations showed those “defendants obtained any of Plaintiff’s money or property.”)  “Unjust enrichment is not a cause of action, just a restitution claim.”  *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1306 (2011).  Consequently,

the Merritts' unjust enrichment claim, and any other claim seeking restitution from Chase or Bear Stearns based upon the Merritts' conspiracy to defraud allegations, accrued no later than the March 8, 2012 filing of the Fourth Amended Complaint in *Merritt II*, and thus had to be asserted no later than March 9, 2015.  *See Dintino,* 167 Cal.App.4th at 348.  As the Merritts' Complaint was not filed until October 25, 2017, their unjust enrichment claim is indisputably time-barred.  *Id.*

### 3. The Merritts' FDCPA Claim is Time-Barred to the Extent it is Premised on Any Alleged Conduct Occurring Prior to October 25, 2016

A claim under the FDCPA must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d); *see also Finley v. Dynamic Recovery Sols. LLC*, 2015 WL 5728307, at *3 (N.D. Cal. 2015).  As explained in Section IV(F) below, the FDCPA claim fails as against Chase and Bear Stearns because no factual allegations show either defendant took any action to collect any debt from the Merrrits at any time, much less that Chase or Bear Stearns are "debt collectors" that engaged in "debt collection," as defined by the FDCPA.

However, any FDCPA claim against Bear Stearns or Chase must also be dismissed as time-barred because all of the Merritts' allegations pertaining to purported conduct occurring prior to October 25, 2016 occurred more than one year prior to the filing of this action.  *See* 15 U.S.C. § 1692k(d).  For example, the FDCPA claim cannot be premised on the assertion that on "December 20, 2012, SLS employees sent out a notice of default with an intent to accelerate into foreclosure," because such conduct occurred nearly five years prior to the filing of this suit, rather than within one year of its filing.  Compl. at ¶ 105; *see also Finley,* 2015 WL 5728307, at *3.

### B. The Merritts' Complaint is Barred by *Res Judicata*

*Res judicata* applies to bar a second suit when "the earlier suit ... (1) involved the same 'claim or cause of action' as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies."  *Mpoyo v. Litton ElectroOptical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (citation omitted.)  Where *res judicata* applies, it bars the later assertion of any other claims "aris[ing] out of the same transactional nucleus of facts."  *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citation omitted).  This doctrine is broad and does not only bar the relitigation of previously litigated claims, but also any claim that "could have been raised in that action."  *Federated Dept. Stores, Inc. v. Moitie,* (1981) 452 U.S. 394, 398 ("*Moitie*");

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

*see also Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) ("the doctrine of *res judicata* [ ] bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties") (internal citation and quotation marks omitted).  As discussed below, the Orders and Judgment in *Merritt I* bar the Merritts' instant claims because all of the requirements of *res judicata* are established.

### 1. *Merritt I* Involved the Same "Claim or Cause of Action"

As discussed in Section IV(A) above, the RICO, fraud, unjust enrichment, FDCPA and other claims in *Merritt I*, were premised on the same allegations that the Merritts have asserted in this case, that is, allegations purporting to show the CFC and BOA Defendants, and Bear Steans, conspired to defraud them into entering the 2006 CFC Loan.  *See, e.g.,* Compl. ¶ 77 ("In March 2009 the Merritts commenced Merritt v. CFC et al in Northern District of California, 09-01179 ***bringing these and other allegations against BofA et al* ….") (emphasis supplied).  Also as discussed more fully in Section IV(A) above, the only basis for their instant claims is the 2006 CFC Loan and purported damages emanating from it, just as they alleged in *Merritt I.  See* Compl. ¶¶ 1-152; *see also* RJN, Exh. F at ¶¶ 1-432.[6]

Consequently, *Merritt I* and this case involve the same "claim or cause of action" because both cases "arise out of the same transactional nucleus of facts," involve the same "rights or interests," and are based on "substantially the same" allegations.  *Mpoyo,* 430 F.3d at 987 citing *Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003); *see also Costantini,* 681 F.2d at 1201; *Mir v. Frandzel, Robin, Bloom, Csato, LC,* 2016 WL 4425715, at *6, (C.D. Cal. 2016) aff'd 699 Fed. Appx. 752 (9th Cir. 2017) (same nucleus where plaintiff's prior dismissed suit alleged that defendant was attempting "to collect the very same debt that is the subject of the instant action and that forms the basis of plaintiff's FDCPA claim here.")

---

[6] Even the Merritts' vague attempt to assert a cause of action for a purported violation of the Uniform Commercial Code ("UCC") at Complaint paragraphs 155 and 156 is barred by *res judicata,* as their TILA claim in *Merritt I* was premised on purported UCC violations, and was dismissed with prejudice under Rule 12(b)(6).  *See, e.g.*, RJN, Exhs. F at ¶ 437; G at pgs. 31-34.

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

## 2.      *Merritt I* Was Adjudicated on the Merits

A dismissal pursuant to Rule 12(b)(6), is a "judgment on the merits." *Moitie*, 452 U.S. at 399, fn. 3.  Furthermore, the phrase "judgment on the merits" is often used interchangeably with "dismissal with prejudice." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (noting that "with prejudice" is an acceptable shorthand for "adjudication on the merits"); *see also Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case.").

As noted in Section II(B) above, this Court's September 17, 2015 Order in *Merritt I* dismissed the RICO and TILA claims "with prejudice" under Rule 12(b)(6), and the entire action was thereafter dismissed "with prejudice" by the June 29, 2016 Order and Judgment.  RJN, Exhs. G, I, & J.  Accordingly, all of the Merritts' claims in *Merritt I* were adjudicated on the merits.  *See Moitie*, 452 U.S. at 399, fn. 3; *Classic Auto Refinishing, Inc.,* 181 F.3d at 1144.

Furthermore, the Third Amended Complaint in *Merritt I* named Chase and Bear Stearns as defendants (RJN, Exh. F), and this Court's February 12, 2015, September 17, 2015, and June 29, 2016 Orders specifically dismissed Chase and Bear Stearns from *Merritt I* "with prejudice."  RJN, Exhs. E, G, & I at pg. 23.  As such, this Court's dismissal of the Third Amended Complaint's claims against Chase and Bear Stearns with prejudice also constitutes an adjudication on the merits.  *See Classic Auto Refinishing, Inc*., 181 F.3d at 1144.

Finally, the June 29, 2016 Order in *Merritt I* denied the Merritts' renewed request for leave to amend to state their RICO claims against Chase and Bear Stearns based on their conspiracy to defraud theory premised on the 2006 CFC Loan because, this Court ruled, "the proposed amendments would be ***futile***."  RJN, Exh. I at pg. 23 (emphasis supplied).  It is well established that where, as here, amendment was denied on the merits, the dismissal of the claims as to which leave was denied is entitled to *res judicata* effect, where, as here, both suits arise out of the same transactional nucleus of facts and involve the same basic rights.  *See, e.g., Curtis v. Citibank, N.A*., 226 F.3d 133, 139 (2d Cir. 2000) ("[D]enial of leave to amend on the merits precludes subsequent litigation of the claims in the proposed amended complaint."); *Carter v. Money Tree Co*., 532 F.2d

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

113, 115 (8th Cir. 1976) (denial of request for leave to amend as "unmeritorious" entitled to *res judicata* effect); *see also Mpoyo*, 430 F.3d at 987 (claims barred by *res judicata* where prior denial of leave to amend was "based on unjustified untimeliness"); *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983) (same).

### 3.    *Merritt I* Involved the Same Parties or Privies

Finally, *Merritt I* and the instant case involve the same parties, as the Merritts named Chase and Bear Stearns as defendants in their Third Amended Complaint, as recognized by this Court's Orders dismissing Chase and Bear Stearns with prejudice.  RJN, Exhs. E, F, G & I at pg. 23; *see also Classic Auto Refinishing, Inc.*, 181 F.3d at 1144.

Furthermore, Chase and Bear Stearns are in privity with the CHC and BOA Defendants in *Merritt I* because the liability theory forwarded in both suits is that Bear Stearns allegedly conspired with the CFC and BOA Defendants to defraud the Merritts into entering the 2006 CFC Loan.  Indeed, in both suits, the Merritts alleged they obtained the Loan from CFC in 2006 and that all of their purported harm emanated from the CFC Loan; thus their claims against Chase and Bear Stearns have always been dependent upon establishing that Bear Stearns "acted as a principal" with CFC, with CFC acting as its agent and/or co-conspirator.  Compl. ¶ 20; *see also* ¶¶ 32-69; RJN, Exh. F at ¶¶ 1-432.

Consequently, given that the Merritts' liability theory against Chase and Bear Stearns in *Merritt I,* and in this suit, is that Bear Stearns was a "principal" or a "co-conspirator," and is therefore liable for the actions of the CFC and BOA Defendants, Bear Stearns and Chase and are in privity with the *Merritt I* CFC and BOA Defendants for purposes of *res judicata.  See, e.g., Furnace v. Giurbino* 838 F.3d 1019, 1028, fn. 5 (9th Cir. 2016) ("privity is found where 'separate defendants' interests' are 'closely align[ed]' like '…*among alleged coconspirators*'") (emphasis original) citing *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 389 (2015); *Spector v. El Ranco, Inc.*, 263 F.2d 143, 145 (9th Cir. 1959) (privity where "relations between two parties are analogous to that of principal and agent"); *United States v. Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (privity where the non-party's interests were represented adequately by a party to prior suit).

In sum, because all the requirements of *res judicata* are established, this Court's Orders

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

1    and Judgment in *Merritt I* bar all of the Merritts' causes of action in this case because they were,

2    or could have been, asserted in *Merritt I*. *See Costantini,* 681 F.2d 1199 at 1201.

3    **C. The Complaint Fails to State a RICO Claim Against Bear Stearns or Chase**

4    To state a civil claim for a RICO violation, a plaintiff must allege: "(1) conduct (2) of an

5    enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing

6    injury to the plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours &*

7    *Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation marks and citations omitted). Rule 9(b)

8    pleading standards apply to RICO claims alleging a predicate of fraud. *Moore v. Kayport Package*

9    *Exp., Inc.,* 885 F.2d 531, 541 (9th Cir.1989). Accordingly, the Merritts must plead with

10   particularity the time, place, and manner of each act of fraud, as well as the role of each defendant

11   in each scheme. *See* Fed. R. Civ. P. 9(b); *see also Tapang v. Wells Fargo Bank, N.A.*, 2012 WL

12   3778965, at *3 (N.D. Cal. 2012). Additionally, only a finite number of acts constitute actionable

13   "racketeering activity" as defined by 18 U.S.C. § 1961(1), and to allege an unlawful "pattern," the

14   Merritts must allege at least two acts of racketeering activity. *See* 18 U.S.C. §§ 1961(1), (5).

15   The Merritts' RICO claims do not identify any purported "racketeering activity" that they

16   claim Chase or Bear Stearns engaged in. *See* Compl. at ¶¶ 142-150. They merely refer to the

17   "Bear Stearns-Countrywide Enterprise," and list out, in a conclusory fashion, purported damages,

18   all of which relate to, or stem from, the 2006 CFC Loan. *See id*. at ¶¶ 148; 146. These allegations

19   are patently insufficient to plead any RICO claim premised on alleged fraud as against Chase or

20   Bear Stearns. *See, e.g*, *Moore*, 885 F.2d at 541.

21   The Merritts fare no better to the extent they merely refer the Court to the 141 paragraphs

22   preceding their RICO causes of action, as nowhere in those 141 paragraphs do they specifically

23   allege facts showing any action by Chase or Bear Stearns which constitutes one or more instances

24   of "racketeering activity," as defined by 18 U.S.C. § 1961(1). *See* Compl. At Complaint

25   paragraph 126, the Merritts assert, in conclusory fashion, that "JP Morgan directly or indirectly,

26   uses the means and instrumentalities of interstate commerce, of the mails, the facilities of shell

27   companies under its charge, in connection with the acts, practices and courses of business alleged

28   herein." However, that vague and rote assertion fails to identify any "racketeering activity" under

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

18 U.S.C. § 1961(1), and is otherwise patently insufficient to meet Rule 9's heightened pleading standard.  *See, e.g, Moore*, 885 F.2d at 541; *see also Tapang,* 2012 WL 3778965, at *3. Consequently, the RICO claims must fail.  *See id.*

> ### D.     The Complaint Fails to State a Fraud Claim Against Bear Stearns or Chase

To allege a claim for intentional misrepresentation or fraud under California law, a plaintiff must allege: (i) a false representation of a material fact; (ii) knowledge of falsity; (iii) intent to defraud; (iv) actual and justifiable reliance; and (v) resulting damage.  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986).  Additionally, because the claim sounds in fraud, such allegations must be plead with particularity pursuant to Rule 9(b).

Here, the Merritts' fraud claim fails to establish any of the required elements as against Chase or Bear Stearns.  *See* Compl. at ¶¶ 151-152.  Their fraud claim consists merely of a reference to hitherto unidentified "Broker Defendants" (*id*. at ¶ 152), and the following boilerplate assertion set forth in its entirety verbatim:

> Defendants Conspired to Commit Fraud by way of deceit, concealment, misrepresentation, inducement, willful deception and promises as alleged herein by: stating, writing and; publicizing information to Plaintiffs and minorities in California, Texas, New York, Chicago, and other areas of United States (through Defendants' securities filings, speeches, advertisements, public utterances, websites, brokers, loan consultants, branches, communications with clients, and other media) calculated to deceive Plaintiffs and to create a substantially false impression. By making such partial misrepresentations, Defendants incurred a duty to speak the whole truth such that Defendants did not conceal any facts which would materially qualify those stated. Such misrepresentations include, **representations**: a).
>
> ### Authority to bind

Compl. at ¶ 151 (emphasis original).  Such conclusory assertions, bordering on nonsense, fail to state a claim for fraud because they do not identify any statement that Chase or Bear Stearns made to the Merritts, nor the date, manner or content of any such statement.  *See Tarmann v. State Farm Mut. Auto. Ins. Co*., 2 Cal. App. 4th 153, 157 (1991); *see also Moore*, 885 F.2d at 541.  Nor do the Merritts identify any *false* statement that Chase or Bear Stearns made to them, nor any detrimental action that they allegedly took in reasonable reliance upon any statement by Chase or Bear Stearns.  *See* Compl. at ¶¶ 151-152; *see also Wilhelm*, 186 Cal. App. 3d at 1332.

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS COMPLAINT

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

1   Nor do such conclusory assertions establish that Bear Stearns and/or Chase participated in

2   a conspiracy to defraud in accordance with the applicable Rule 9 requirements.  *See, e.g., Applied*

3   *Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510–11 (1994) (liability for civil

4   conspiracy requires allegations of fact showing: (1) formation of a conspiracy (an agreement to

5   commit wrongful acts); (2) operation of a conspiracy (commission of the wrongful acts); and (3)

6   damage resulting from operation of a conspiracy.);  *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th

7   Cir. 2007) (Rule 9(b) applies "where the object of the conspiracy is fraudulent").  The Merritts'

8   fraud and/or conspiracy to defraud cause of action thus fails to establish any of the requisite

9   elements, and should be dismissed.  *See id.*; *see also Moore*, 885 F.2d at 541.

10   The Merritts' inability, or refusal, to articulate the factual basis of their fraud claim only

11   speaks to its abject lack of merit, and demonstrates they are attempting to evade meaningful

12   review by merely incorporating their Complaint's 144 preceding paragraphs.  In *Merritt I*, Judge

13   Freeman expressed "grave concerns regarding Plaintiffs' Rule 11 basis for the bulk of their

14   allegations" because the Merritts "frequently allege the contents of conversations among the

15   defendants of which it is clear they could not have personal knowledge."  RJN, Exh. G at pgs. 25-

16   26.  The Merritts' allegations in this case should cause the Court even more grave concern, as they

17   continue to make extraordinarily implausible assertions regarding the content of such purported

18   conversations without identification of a factual basis for the assertion.  *See, e.g.*, Compl. at ¶ 67

19   ("From 2006 to 2008, CFC and Bear Stearns CEOs Mozilo and Cayne discussed the Merritts …").

20   Chase submits that the Merritts' assertions regarding it, or Bear Stearns' executives'

21   conversations, appearing in the 144 paragraphs preceding the fraud claim should be disregarded as

22   implausible because: a) they are self-evidently assertions of which the Merritts could not have

23   personal knowledge; b) the Merritts do not identify a factual basis by which they purport to have

24   personal knowledge of such statements; and c) they fail to identify a factual basis for their

25   "information and belief" assertions.  *See, e.g., Iqbal*, 556 U.S. at 663; *see also B.R. v. Beacon*

26   *Health Options,* 2017 WL 5665667, at *7 (N.D. Cal. 2017) (allegations fail to meet the

27   plausibility standard where "Plaintiffs allege no factual basis for their information and belief");

28   *Kemp v. International Business Machines*, 2010 WL 4698490, at *4 (N.D. Cal. 2010) (same).

**E.   The Complaint Fails to State an Unjust Enrichment Claim Against Bear Stearns or Chase**

As noted above, "[u]njust enrichment is … just a restitution claim." *Hill*, 195 Cal. App. 4th at 1306.  To state the claim, the Merritts must allege facts establishing a defendant's "receipt of a benefit and unjust retention of the benefit at the expense of another." *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008) (citation omitted).

The Merritts fail to allege facts showing that they paid Chase or Bear Stearns *any* money at any time.  *See* Compl. at ¶¶ 157-160.  As noted above, the only allegations showing the Merritts' payment of money are those claiming that they made monthly payments under the Loan to CFC starting in March 2006, and ending with their last Loan payment to CFC in "October 2008."  *Id.* at ¶¶ 66, 70.  As no allegations show that the Merritts paid Chase or Bear Stearns any money, their unjust enrichment claim must fail.  *See Hill*, 195 Cal. App. 4th at 1306; *see also Bernardi v. JP Morgan Chase Bank, N.A.*, 2012 WL 2343679, at *3 (N.D. Cal. 2012).  The claim also fails as no allegations show that Chase or Bear Stearns unjustly retained any money received.  *See id.*

**F.   The Complaint Fails to State a FDCPA Claim Against Bear Stearns or Chase**

The Merritts' only effort to identify the basis for the FDCPA cause of action is an assertion that: "[t]his Claim for relief arises under 15 USC §§1692f et seq. whereby Defendants have sought to enforce a voided debt …"  Compl. at ¶ 153.  As explained below, the FDCPA claim against Chase and Bear Stearns fails for numerous reasons.[7]

First, to state an FDCPA claim, the plaintiff must allege facts establishing that the defendant is a "debt collector" under 15 U.S.C. § 1692a(6), which defines a "debt collector" as one who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  *See also Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009).  However, the Complaint is devoid of any allegations showing that Chase or Bear Stearns regularly collect, or attempt to collect, debts owed to other entities.  *See* Compl.  The FDCPA claim thus fails.  *See* 15 U.S.C. § 1692a(6); *see also Martinez v. Trinity Financial*

---

[7] 15 U.S.C. § 1692f states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," and enumerates conduct which constitutes such "unfair or unconscionable" debt collection acts.

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

*Services, LLC,* 2017 WL 4071386, at *5 (N.D. Cal. 2017)  (dismissing § 1692f claim because "plaintiffs failed to allege sufficiently that Special Default Services acted as a debt collector").

Even assuming that Chase and/or Bear Stearns were "debt collectors" within the meaning of the FDCPA, the claim must fail because the Complaint fails to allege: 1) that the debt was voided; and 2) that Chase or Bear Stearns took any action to collect any debt from the Merritts. First, the claim must fail because the Complaint does not demonstrate that the 2006 CFC Loan has been "voided" by any state or federal court, or otherwise.  *See* Compl; *see also, e.g., Yvanova v. New Century Mortg. Corp*., 365 P.3d 845, 855 (Cal. 2016); *Yhudai v. Impac Funding Corp*., 1 Cal.App.5th 1252, 1256-1260 (2016).  *Merritt I* and *Merritt II* against the CFC and BOA Defendants, both of which are conspicuously not named in this suit, were based on their fraudulent loan origination theory, and both cases were dismissed with prejudice, with no relief granted to the Merritts.  *See* RJN, Exhs. G, I, J, O, & Q.  As such, the Merritts' conclusory assertion that "Defendants have sought to enforce a voided debt," cannot support the FDCPA claim, or any other claim, as against "Defendants."  *See, e.g., Iqbal*, 556 U.S. at 663.

Similarly, the Complaint simply does not contain any allegations showing that Chase or Bear Stearns took any action to collect any debt from the Merritts at any time, or in any manner. *See* Compl. at ¶¶ 153-154.  The FDCPA claim thus fails for this reason as well.  *See Jones v. Best Service Company,* 2017 WL 490902, at *8, (C.D. Cal. 2017) aff'd 700 Fed.Appx. 580 (9th Cir. 2017) ("The SAC fails to allege a FDCPA violation because it utterly fails to show what Defendant did or explain how Defendant's purported actions violated the FDCPA.")

Indeed, the only factual allegations regarding any defendants' actual contact with the Merritts with respect to any debt is their assertion that "[f]rom January 2017 onward, Defendants resumed the sending of collection notices to the Plaintiffs and on or about June 2017, Plaintiffs informed SLS that they had no standing to collect any payments …"  Compl. at ¶ 137.  However, conclusory assertions such as these fail to state an FDCPA claim against Chase or Bear Stearns.

First, the allegation as to "Defendants" generally fails to plausibly allege that Chase or Bear Stearns sent the Merritts any "notices," particularly where the allegation shows the Merritts responded to SLS, who they have named as a defendant and whom they concede is the Loan's current servicer.  *See* Compl. at ¶ 106 ("Plaintiffs inquired as to how SLS became the servicers

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

…")  The allegation at Complaint paragraph 137 regarding "Defendants," and any other such allegation in the Merritt's Complaint that names 12 defendants, thus fails to satisfy the requirements of Rule 8.  *See Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) ("*Adobe*") ("a complaint which 'lump[s] together ... multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)'") quoting *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996).

Second, neither this allegation at paragraph 137, nor any other in the Complaint, alleges the *content* of any "notices" allegedly sent, and thus fails to show a false, deceptive, misleading, unfair, or unconscionable, attempt to collect a debt, a necessary component to an FDCPA claim. *See Librizzi v. Ocwen Loan Servicing, LLC*, 120 F.Supp.3d 1368, 1381 (S.D. Fla. 2015) (dismissing 15 U.S.C. § 1692f claim where the plaintiff "does not allege the contents of the communications"); *see also Bernardi v. Deutsche Bank Nat'l Trust Co. Am.*, 2013 WL 163285, at *6 (N.D. Cal. 2013) (same); *Lopez v. Professional Collection Consultants,* 2011 WL 4964886, at *2 (C.D. Cal. 2011) (factual particularity required as to contents of communications).

The only arguable factual allegation regarding any action to enforce the terms of the 2006 CFC Loan's Deed of Trust are those at Complaint paragraph 8, wherein the Merritts assert that on "August 15, 2017, Defendants (*sic*) SLS directed their debt collecting foreclosure mill, Defendants Zieve, Steele, Brodnax & Busby to initiate foreclosure proceedings …."  These allegations against different defendants are insufficient to state an FDCPA claim against Chase or Bear Stearns because: a) they show a mere "direction," and fail to show any action by Chase or Bear Stearns, or any other entity, to foreclose under the Deed of Trust; and b) such allegations are irrelevant as a matter of law because "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."  *Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2016).

**G.   The Complaint Fails to State a Claim for Purported Violation of the Uniform Commercial Code Against Bear Stearns or Chase**

The Merritts' purported cause of action for violation of the UCC against "Defendants" should be dismissed for a multitude of reasons.  First, the Merritts fail to identify: a) any UCC provision, nor any state or federal law; b) factual allegations showing any purported UCC

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS COMPLAINT

1   violation by any defendant; and c) any manner in which Chase or Bear Stearns purportedly

2   violated any UCC provision.  Compl. at ¶¶ 155-156.  The Merritts thus fail to state a claim upon

3   which relief could be granted.  *See Adobe*, 125 F. Supp. 3d at 964; *see also Iqbal*, 556 U.S. at 663.

4          Second, to the extent the claim is based on the purported transfer of the 2006 CFC Loan's

5   promissory note, the claim must fail because: 1) the Merritts lack standing to sue with respect to a

6   transfer of the Loan's promissory note (*see Yhudai*, 1 Cal.App.5th at 1256-60); and 2) California

7   law does not require a foreclosing entity to produce the promissory note, nor, in any event, have

8   the Merritts alleged that Chase or Bear Stearns took any action to foreclose on the Loan or

9   Property.  *See, e.g., Tang v. California Reconveyance Co*., 2011 WL 2581416, at *5 (N.D. Cal.

10  2011) (dismissing claim premised on the UCC because "production of the note is not required").

### H.  No Leave to Amend Should Be Granted Because Amendment is Futile

12         As discussed in Section IV(A) above, the Merritts are merely reasserting the same

13  conspiracy to defraud theory premised on their 2006 Loan from CFC that they asserted in *Merritt I*

14  and *Merritt II*, and their claims are undisputedly time-barred as a matter of law.  It is well

15  established that amendment should be denied as futile where the claims are time-barred.  *See*

16  *Deutsch v. Turner* Corp., 324 F.3d 692, 718 n. 20 (9th Cir. 2003).  Indeed, as Judge Freeman ruled

17  on June 29, 2016 in *Merritt I,* any attempt at amending these time-barred claims "would be futile."

18  RJN, Exh. I at pg. 23.

19         Furthermore, and as discussed in Section IV(B) above, the Merritts' claims are barred as a

20  matter of law by the *res judicata* doctrine based on this Court's Orders and Judgment in *Merritt I*.

21  It is also well settled that leave to amend should be denied as futile where *res judicata* bars the

22  claims.  *See Solis v. National Default Servicing Corp.,* 2017 WL 1709355, at *7 (N.D. Cal. 2017).

23         Finally, and as discussed in Sections II and IV(C)-(G), the Merritts have now filed no less

24  than nine complaints or amended complaints asserting the same theories related to the 2006 CFC

25  Loan, and this, their ninth attempt, which does not name the CFC and BOA Defendants, utterly

26  fails to state any claim against Chase or Bear Stearns.  Thus, allowing yet another complaint to be

27  filed against Chase would be unduly prejudicial.  *See Solis*, 2017 WL 1709355, at *7.

28

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS COMPLAINT

## V.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Chase's motion to dismiss the Merritts' Complaint.  Any amendment would be entirely futile, and as such, the motion should be granted with prejudice.

Dated: December 22, 2017                **BRYAN CAVE LLP**

By:    /s/ Joseph J. Poppen

Joseph J. Poppen
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

BRYAN CAVE LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111