FILED
MAR 6 - 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

David Merritt
660 Pinnacles Terrace
Sunnyvale, CA 94085
408.469.5584
theadaadvocate@gmail.com

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID MERRITT ET AL,<br><br>    Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE, N.A. ET AL,<br><br>    Defendants. | Case No.: 17-CV-06101 LHK<br><br>MOTION FOR RECUSAL WITH DECLARATION |

Plaintiffs come before this Court pursuant to 28 USC § 455 with a request asking Judge Koh to consider how the Defendants bombardment of information, which is actually unrelated to this very action, has caused her to lose impartiality or otherwise not have an impartial perspective towards the Plaintiffs and or this action. This is not a personal attack on the Judge *per se,* but merely this raises reasonable questions in regards to impartiality.

Firstly, Judge Koh has flatly denied the Plaintiffs any opportunity to adequately prepare opposition against Defendants motions to dismiss by denying them motion for extending of much needed time. All lawyers are afforded at least one-time enlargement. Plaintiffs do not know whether the Judge denies pro se litigants extensions. What is known that this denial not only prevents Plaintiffs from sufficient time to adequately oppose the motion, it indicates that the Court does not wish to give them a fair opportunity to prosecute this case against Defendants. She also denied this motion to enlarge without affording Plaintiffs an opportunity to have a full and fair chance to oppose the misrepresentations that she received and digested from Defense.

Secondly, Plaintiffs have learned that there are four "Lucy Koh" who have accounts with JP Morgan Chase, N.A. and although uncertain as to whether any are this action's Judge, they wish to ascertain whether any are this case's Judge in order to give them an opportunity to weigh whether or not conflict of interest exist.

Thirdly, Judge Koh has admonished Plaintiffs for exercising their right to amend without leave of court prior to the defendants filing a bona fide answer to action.

MOTION FOR RECUSAL WITH DECLARATION - 1

Fourth, it appears that Judge Koh has accepted, without opposition, filings by the defendants which not only have no relevancy to this actual action, but are wholly extraneous to complaint and improper for consideration by the Court since they are not part of complaint. By adopting Defendants misleading facts, no one would be able to impartially process this action.

Fifth, it appears that Judge Koh has accepted the misrepresented and outright falsified facts presented by the Defendants, proven by the Judge's intolerance in even letting Plaintiffs have proper time to develop opposition.

Sixth, the Judge's denial of Plaintiffs motion to file their pleadings through ECF is contrary to standard court policy, but has caused Plaintiffs to receive pleadings a week after clerk has filed them, precludes Plaintiffs from knowing when Defendants make filings, in real time, and handicaps Plaintiffs by putting them at a disadvantage with Court communications. This is also treating Plaintiffs very different from how lawyers and others are treated in regards to registering their case with ECF. Particularly since Plaintiffs already are registered with ECF.

Seventh, Judge Koh attempted to transfer the case to Judge Freeman, based on what appears to be her believing the Defendants misrepresentations that this action was related and one in the same as the case that Judge Freeman had processed. And even though Judge Freeman has rejected this notion, Judge Koh has already been misled by the defendants and appears to be unable to be impartial towards Plaintiffs or their case.

Under § 455 it is mandated that " (a) Any justice, judge … of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

> The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision making process. See *Carey v. Piphus*, 435 U. S. 247, 259-262, 266-267 (1978). The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. See *Mathews v. Eldridge*, 424 U. S. 319, 344 (1976). At the same time, it preserves both the appearance and reality of fairness, "generating the feeling, so important to a popular government, that justice has been done," *Joint Anti-Fascist Committee v. McGrath*, 341 U. S. 123, 172 (1951) (Frankfurter, J., concurring), by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him.

MOTION FOR RECUSAL WITH DECLARATION - 2

With all due respect to the Court, it reasonably appears that that Judge Koh is not impartial either towards the Plaintiffs, although she has never met them, this case or is simply more partial towards Defendants.

There is also a hostility or intolerance that appears to be emanating from at least one of staff members towards Plaintiffs inquiries. The Plaintiffs And is why they are asking for her to recuse herself.

Dated this 6 of March, 2018.



David Merritt, pro se

### DECLARATION OF DAVID MERRITT

I, David Merritt hereby declare and state that if called upon to do so, that I can testify to the following:

1. I am a plaintiff in above caption.

2. I filed a request to file and receive pleadings through ECF system and Judge Koh denied me this request.

3. My wife and I have been receiving communications from the Court and have found that we do not receive communications for 4 to 6 days after paper is filed.

4. After my wife and I were served with two motions to dismiss this action from Defendants, we learned that the rules only permit 10 days to file opposition.

5. Neither my wife or I are trained attorneys and neither do we have any staff to help us.

6. My wife is permanently disabled, even though she is a trained medical doctor by profession, she is incapable of litigating and her disabilities hinders her ability to spend more than 10-15 minutes any given day on litigation.

7. I have my own physical disabilities which have severely hampered my abilities, nonetheless, I spend 6 or so hours per day, but my lack of training does not give me the abilities as a trained lawyer.

8. Additionally, I am the main care taker for my wife and two children, as well as need to do things to generate revenue for the family.

9. There was and is no way for me to adequately oppose Defendants motions to dismiss without enlargement and I am now forced to put together something as rapid as I can and file it in the coming day(s).

MOTION FOR RECUSAL WITH DECLARATION - 3

1  10. I witnessed the defendants in this case make filings which had no material or probative value in the case
2  and based on my experience with these types of defendants, they intentionally fabricate and misled judges into
3  believing things which are untrue against us—e.g. that we had somehow been declared vexatious litigants in one of
4  the cases against Countrywide, when it was entirely an unrelated case that in no way involved any of these
5  defendants.

6  11. I also witnessed Judge Lucy deny us a chance to file and receive filings through ECF and upon
7  investigation learned that the Federal Judiciary strongly encourages Judges to motivate litigants to register pursuant
8  to paper reduction act.

9  12. I witnessed Judge Lucy accept defendants presentation of judicial findings and facts which are wholly
10 unrelated to this case, and based on these presentations colored her perspective on how she should treat us and this
11 case.

12 13. I conducted a financial search on-line which indicated that there are at least three (3) "Lucy Kohs" in
13 California who have various financial ties to JP Morgan Chase, and this raises the question for me as to what these
14 ties are; do they involve this case's Judge and if so, it gives appearance of conflict of interest.

15 14. After filing request for enlargement of time, I witnessed Judge Koh accept defendants argument and
16 references to prior unrelated litigation and deny us any chance to reply their points before denying the enlargement.

17 15. We have never filed or received any enlargement of time in this case.

18 16. I also witness Judge Koh berate us for filing first amended complaint and admonish us about meeting
19 certain requirements.

20 17. Although we have never met the Judge the only reason that she could be biased against us is based on
21 this case and the filings of defendants.

22 I David Merritt, declare under the penalties of perjury that the foregoing is true and correct pursuant to 28
23 USC § 1746.
24 David Merritt
   660 Pinnacles Terrace
25 Sunnyvale, CA 94085

MOTION FOR RECUSAL WITH DECLARATION - 4