UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID MERRITT, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JP MORGAN, et al.,<br><br>    Defendants. | Case No. 17-CV-06101-LHK<br><br>**ORDER DENYING MOTION FOR RECUSAL**<br><br>Re: Dkt. No. 100 |

Before the Court is Plaintiffs' Certified Affidavit Under 28 U.S.C. § 144 of Bias or Prejudice, ECF No. 100, which the Court construes as a motion for recusal.

**I.    Background**

Plaintiffs David and Salma Merritt, proceeding pro se, filed this case on October 25, 2017. ECF No. 1. On November 14, 2017, one of the defendants declined magistrate judge jurisdiction and this case was reassigned to the undersigned judge. ECF Nos. 16, 18. Also on November 14, 2017, Defendants Real Time Resolutions, Inc. and Eric Green (collectively, "Real Time Resolutions"), filed a motion to dismiss. ECF No. 15. On December 22, 2017, Defendant JPMorgan Chase Bank, N.A ("JP Morgan"), filed a motion to dismiss. ECF No. 20. On December 26, 2017, Defendants Specialized Loan Servicing, LLC Toby Wells, Ami Mckernan,

1

Case No. 17-CV-06101-LHK
ORDER DENYING MOTION FOR RECUSAL

1  U.S. Bank National Association, and Andrew J. Cecere (collectively, "SLS"), filed a motion to

2  dismiss. ECF No. 23.

3  On December 29, 2017, Plaintiffs moved for permission for ECF access. ECF No. 25. On

4  January 8, 2018, the Court denied the motion for ECF access. ECF No. 28.

5  On January 8, 2018, Real Time Resolutions filed an amended motion to dismiss. ECF No.

6  26. On January 16, 2018, Plaintiffs filed their first amended complaint ("FAC"). ECF No. 29.

7  On January 30, 2018, the Court determined that under Rule 15(a), Plaintiffs' FAC

8  qualified as an amendment as of right in relation to SLS's amended motion to dismiss, because the

9  FAC was filed within the 21 day limit. ECF No. 57 at 2. However, the Court determined that

10  Plaintiffs' FAC was not an amendment as of right in relation to Real Time Resolutions or JP

11  Morgan because the FAC was filed over 21 days after these defendants filed their motions to

12  dismiss. Nonetheless, the Court stated that "Plaintiffs are proceeding pro se, which means the

13  Court must liberally construe Plaintiffs' pleadings and arguments. The Court therefore construes

14  the FAC as including an implicit request for leave to amend the initial complaint, and GRANTS

15  Plaintiffs' request for leave to amend the initial complaint. The Court cautions Plaintiffs that any

16  further amendment will not be permitted unless Plaintiffs obtain the consent of Defendants or

17  leave of the Court." *Id.*; *see* Fed. R. Civ. P. 15(a)(1)-(2) ("A party may amend its pleading *once* as

18  a matter of course . . . . In all other cases, a party may amend its pleading only with the opposing

19  party's written consent or the court's leave." (emphasis added)).

20  On January 30, 2018, JP Morgan filed a motion to dismiss the FAC. ECF No. 58.

21  Plaintiffs' opposition was due by February 13, 2018. *Id.* On January 31, 2018, Aisling Desola

22  and Jamie Dimon filed a motion to dismiss. ECF No. 60. Plaintiffs' opposition was due on

23  February 14, 2018. *Id.* On February 6, 2018, Real Time Resolutions and SLS filed motions to

24  dismiss. ECF Nos. 62, 63. Plaintiffs' oppositions were due on February 20, 2018. *Id.* Also on

25  February 6, 2018, Plaintiffs voluntarily dismissed Real Time Resolutions. ECF No. 64.

26  On February 7, 2018, the Court issued a sua sponte referral to Judge Beth Labson Freeman

27  for the purpose of determining whether this case was related to Case No. 09-CV-1179-BLF,

28

2

Case No. 17-CV-06101-LHK
ORDER DENYING MOTION FOR RECUSAL

*Merritt et al. v. Countrywide Financial Corp. et al.* ECF No. 66. On February 7 and 8, 2015, several defendants moved to continue the Rule 26(f) conference and stay discovery until after the Court ruled on pending motions to dismiss. ECF Nos. 65, 67.

On February 14, 2018, Judge Freeman denied the referral after finding that the cases were not related. ECF No. 68.

On February 15, 2018, after two of the deadlines for filing oppositions had passed, Plaintiffs filed an administrative motion for an extension of time to oppose the motions to dismiss. ECF No. 70. On February 21, 2018, the defendants opposed Plaintiffs' administrative motion. ECF Nos. 72, 74. On February 23, 2018, the Court denied Plaintiffs' administrative motion, ECF No. 80, and granted the motion to continue the Rule 26(f) conference and stay discovery, ECF No. 83.

On March 6, 2018, Plaintiffs filed a motion for recusal pursuant to 28 U.S.C. § 455. ECF No. 87. Plaintiffs asserted seven grounds for recusal: (1) the Court's denial of Plaintiffs' administrative motion for an extension of time; (2) the allegation that there are four JP Morgan Chase accounts registered in the name of "Lucy Koh"; (3) the Court's "admonish[ing] Plaintiffs for exercising their right to amend without leave of court prior to the defendants filing a bona fide answer to action"; (4) Defendants' request for judicial notice of filings in other cases filed by Plaintiffs in state and federal court, which Plaintiffs contend are irrelevant to the instant case;[1] (5) the allegation that the Court accepted as true the documents in the request for judicial notice, allegedly demonstrated by the Court's denial of Plaintiffs' administrative motion for an extension of time; (6) the Court's denial of Plaintiffs' request for ECF access; and (7) the Court's sua sponte referral for purposes of determining relationship of cases.

On March 7, Plaintiffs filed an administrative motion to file their opposition past the

---

[1] JP Morgan filed a request for judicial notice on December 22, 2017, in which it requested that the Court take judicial notice of a range of filings in other cases brought by Plaintiffs in state and federal court. ECF No. 20-1. The Court infers that this is what Plaintiffs were referencing when they alleged that the Court "accepted, without opposition, filings by the defendants which not only have no relevancy to this actual action, but are wholly extraneous to complaint and improper for consideration by the Court since they are not part of complaint." ECF No. 87 at 2.

1  deadline. ECF No. 85.

2  On March 9, 2018, the Court denied both the administrative motion and the recusal
motion. ECF No. 89. The Court explained that "Plaintiffs' core rationale for recusal is that the
Court has not ruled in Plaintiffs' favor on motions, but Plaintiffs cite no authority holding that a
litigant's disagreement with a Court's ruling is grounds for recusal." *Id.* at 1. The Court also
explained that "Plaintiffs have been litigating variations of this same action since at least March
18, 2009, almost nine years. Given this backdrop, the Court does not find that an extension is
warranted." *Id.* at 1-2 (citation omitted). Also on March 9, 2018 the Court's Courtroom Deputy
executed a proof of service showing that she mailed a copy of the Court's March 9, 2018 order to
Plaintiffs on March 9, 2018. ECF No. 89-1.

On April 2, 2018, the Court took several pending motions to dismiss under submission
without oral argument pursuant to Civil Local Rule 7-1(b). ECF No. 99. That same day, the
Court's Courtroom Deputy mailed Plaintiffs a copy of the notice taking the motions under
submission. ECF No. 99-1.

On April 3, 2018, Plaintiffs filed the instant Affidavit of Bias or Prejudice. ECF No. 100
("the Affidavit"). The Affidavit asserts many of the same bases for recusal that Plaintiffs raised in
their previous recusal motion. Specifically, Plaintiffs raise defendants' request for judicial notice,
*id.* ¶¶ 13-14, 23; the Court's denial of Plaintiffs' request for ECF access, *id.* ¶¶15-18, 25-26; the
Court's determination that Plaintiffs' FAC was not allowed as of right as to some defendants, *id.*
¶¶ 19-22; the Court's denial of Plaintiffs' administrative motion for an extension of time to oppose
motions to dismiss, *id.* ¶¶ 35-36; the Court's alleged financial interest in JP Morgan, *id.* ¶¶ 41-42;
and the Court's referral to Judge Freeman for determining the relationship of cases, *id.* ¶¶ 45-48.
Plaintiffs also contend that the Court's decision to take the motions to dismiss under submission
without a hearing demonstrates bias, *id.* ¶¶ 27-29, as does the Court's stay of discovery in this
case, *id.* ¶¶ 37-38. Plaintiffs also argue that the Court is biased because the Court denied
Plaintiffs' request for an extension of time, which Plaintiffs stated was required by Plaintiffs'
disabilities. *Id.* ¶ 58.

4
Case No. 17-CV-06101-LHK
ORDER DENYING MOTION FOR RECUSAL

## II. Legal Standard and Discussion

There are two statutory provisions that address recusal for bias or prejudice: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 455 also contains a provision for recusal based on financial interest in a party. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The relevant portions of § 455 provide:

> (a) Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.
>    …
>    (4) He knows that he . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.
>    …
> (d) For the purposes of this section the following words or phrases shall have the meaning indicated:
>    …
>    (4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party . . .

The Court first summarizes the procedural aspects of sections 144 and 455 and then describes the substantive standard for determining bias or prejudice under these sections. "Although the substantive test for bias or prejudice is identical in sections 144 and 455, the

5

procedural requirements of the two sections are different." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *Id.* "An affidavit filed pursuant to that section is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Id.* at 868. "[A] determination of the sufficiency of the facts and reasons given in the sworn statement must be made by the judge to whom the affidavit is presented." *Grimes v. United States*, 396 F.2d 331, 333 (9th Cir. 1968) (citing *Berger v. United States*, 255 U.S. 22, 36 (1921)); *see also United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (relying on *Berger* to reject argument that affidavit must be referred to another judge to determine legal sufficiency).

"If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for determination of its merits." *Sibla*, 624 F.2d at 868. Thus, this Court's review "is addressed to the facial sufficiency of the affidavit[,] not to the truth or falsity of the facts stated therein." *Azhocar*, 581 F.2d at 738.

"Section 455, on the other hand, sets forth no procedural requirements. That section is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge." *Sibla*, 624 F.2d at 867-68. "Moreover, section 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." *Id.* at 868. The Ninth Circuit has explained that a motion pursuant to section 144 "should also prompt the judge to whom the motion is directed to determine independently whether all the circumstances call for recusal under the self-enforcing provisions of section 455(a) & (b)(1), a matter which rests within the sound discretion of the judge." *Id.* Thus, the Court must analyze both sections 144 and 455.

"The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the

6
Case No. 17-CV-06101-LHK
ORDER DENYING MOTION FOR RECUSAL

judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)); *see also Sibla*, 624 F.2d. at 867 ("The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1)."). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990)).

"Importantly, '[p]arties cannot attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity.'" *McTiernan*, 695 F.3d at 891 (quoting *United States v. Frias-Ramirez*, 670 F.2d 849, 853 n.6 (9th Cir. 1982)). As the U.S. Supreme Court explained in *Liteky v. United States*, 510 U.S. 540 (1994), "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.

In addition, the U.S. Supreme Court has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* "Almost invariably, they are proper grounds for appeal, not for recusal." *Id.* Moreover, "[a] judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Liteky*, 510 U.S. at 556. Finally, "'expressions of impatience, dissatisfaction, annoyance, and even anger' alone are insufficient to establish 'bias or partiality.'" *United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017) (quoting *Liteky*, 510 U.S. at 555-56).

Applying those standards to the instant Affidavit, the Court concludes that Plaintiffs have

7

not met the legal sufficiency requirement of section 144 because all of the allegations underpinning their claim of bias except one stem from the Court's rulings, the Court's "ordinary efforts at [case] administration," or information that the Court has received in the course of this litigation. *See* Affidavit ¶¶ 13-22, 23, 25-29, 35-38, 45-48, 58; *Liteky*, 510 U.S. at 555-56 (stating that judicial rulings, opinions formed on the basis of facts introduced in the course of proceedings, and ordinary efforts at courtroom administration are not grounds for recusal). "It is well-established that actions taken by a judge during the normal course of proceedings are not proper grounds for disqualification." *Toscano v. McLean*, No. 16-cv-6800-EMC, 2018 WL 732341, at *2 (N.D. Cal. Feb. 6, 2018).

The only remaining basis for recusal is Plaintiffs' allegation that the undersigned judge might have an "account[] with JP Morgan Chase, N.A." ECF No. 87 at 1; Affidavit at ¶¶ 9, 27-28, 40-42, 52. As explained above, the Court's task at this stage under section 144 is "addressed to the facial sufficiency of the affidavit[,] not to the truth or falsity of the facts stated therein." *Azhocar*, 581 F.2d at 738. Thus, the Court assumes for the purposes of its analysis that the undersigned judge has an "account[] with JP Morgan Chase, N.A."[2] ECF No. 87 at 1. The Court assumes that such an account is either a checking, savings, or credit card account or some type of investment account.

Even with this assumption, however, the Affidavit does not meet the legal sufficiency requirement under section 144 or require recusal independently under section 455(b)(4). This is because having a checking, savings, credit card, or investment account with JP Morgan—in other words, being a customer of JP Morgan—is not the same as owning "a legal or equitable interest, however small" in JP Morgan, which is how section 455 defines the type of financial interest requiring recusal. *See Rader v. ING Groep NV*, 497 F. App'x 171, 175 (3d Cir. 2012) (unpublished) (rejecting argument that holding an online savings account with an institution that is

---

[2] Although for purposes of this motion the Court must assume the facts stated within Plaintiffs' Affidavit, the undersigned judge notes that she does not have an account with JP Morgan Chase, N.A.

8
Case No. 17-CV-06101-LHK
ORDER DENYING MOTION FOR RECUSAL

a party required recusal based on the definition of financial interest in § 455(d)(4)); *cf. Ausherman v. Bank of Am. Corp.*, 216 F. Supp. 2d 530, 533-34 (D. Md. 2002) (concluding that recusal was not required when one of the parties before the judge held the mortgage on the judge's principal residence). Indeed, the Committee on Codes of Conduct stated in Advisory Opinion No. 106 that ownership of a savings account "does not give the account . . . holder an equity ownership interest in the bank" and that investment in a mutual fund "does not give rise to an ownership interest in the company managing the fund or providing it with investment advice." 2 GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COMPENDIUM OF SELECTED OPINIONS (2017), *available at* http://www.uscourts.gov/rules-policies/judiciary-policies/code-conduct/published-advisory-opinions. As a result, these types of interests do not require recusal. "Nor does holding such an account create a basis for a reasonable, knowledgeable observer to question the assigned judge's impartiality." *Rader v. ING Bank, fsb*, No. 09-340-LPS, 2011 WL 4571780, at *7 (D. Del. Sept. 30, 2011), *aff'd sub nom. Rader v. ING Groep NV*, 497 F. App'x at 175.

Accordingly, the Court DENIES Plaintiffs' motion for recusal because the Affidavit does not meet the legal sufficiency requirement of section 144 and the Court maintains its previous determination that recusal is not required pursuant to section 455.

**IT IS SO ORDERED.**

Dated: April 24, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge