**BRYAN CAVE LEIGHTON PAISNER LLP**
Daniel Rockey, California Bar No. 137454
Joseph J. Poppen, California Bar No. 239282
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070
Telephone:     (415) 675-3400
Facsimile:     (415) 675-3434
Email:            joseph.poppen@bryancave.com

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. (erroneously sued as "JP MORGAN CHASE, N.A.") and STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DAVID MERRITT & SALMA MERRITT<br><br>Plaintiffs<br><br>v.<br><br>JP MORGAN CHASE, N.A, JAMIE DIMOND, DAVID GILLIS, STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., JOHN COSTANGO, AISLING DESOLA, SPECIALIZED LOAN SERVICER, TOBEY WELLS, AMI MCKERNAN, MICHAEL WARD, LES ZIEVE, BRODNAX & STEELE LLP, JOHN STEELE, MICHAEL BUSBY, U.S. BANK NATIONAL ASSOCIATION, ANDREW J. CECERE, BRYAN CAVE LEIGHTON PAISNER LLP; JAMES GOLDBERG, DAVID MCCALL, BEVERLY BROOKS, AVI MARCUS AND 10 UNKNOWN ASSISTANT GENERAL COUNSELS.<br><br>Defendants. | Case No.: 5:17-cv-0 6101-LHK<br><br>**OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY AND/OR PRELIMINARY INJUNCTION**<br><br>Date:  N/A<br>Time: N/A<br>Courtroom:  8<br><br>The Honorable Lucy H. Koh<br>280 South 1st Street,<br>San Jose, CA 95113<br>Action Filed: October 25, 2017<br>Trial Date: None |

11785580.1

OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

**OPPOSITION**

Defendants JPMorgan Chase Bank, N.A. and Structured Asset Mortgage Investments II, Inc. (the "JPMorgan Defendants") hereby respond to, and oppose, the ex parte application ("Application") by plaintiffs David and Salma Merritt (the "Merritts") to the extent the Merritts seek any injunctive relief as against the JPMorgan Defendants.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.* (2008) 555 U.S. 7, 20 (citations omitted). As discussed below, the Application should be denied for numerous reasons.

First, by its own terms, the Application does not seek any relief as against the JPMorgan Defendants. *See* Docket ("Dtk.") 119. In fact, the Merritts' memorandum of points and authorities expressly states, "Because SLS is the only Defendant claiming authority to foreclose and JP Morgan, Bryan Cave are claiming no interest or involvement, this motion is directed against the SLS, US Bank et al Defendants" (Dkt. 119 at pg. 1, fn. 1), and their proposed order makes no reference to the JPMorgan Defendants. *See* Dkt. 122. As such, the Application should be denied as against the JPMorgan Defendants because it expressly does *not* seek, or give notice of seeking, any relief as against them. *See* Fed. Rule Civ. Proced. 65(a)(1).

Second, the Application and supporting declarations consist almost exclusively of assertions of alleged acts by Countrywide Home Loans ("CHL") during the 2006 loan origination, or alleged acts by CHL and Bank of America ("BOA") between 2006 and early 2009. *See* Dkt. 119 pgs 2, 3-20; Dkt. 120 ¶¶ 3-51; Dkt. 121 ¶¶ 3-17. The Merritts have not adduced any evidence that supports *any* of the operative Second Amended Complaint's ("SAC") allegations against the JPMorgan Defendants, nor evidence of any purported agreement by Jamie Dimon with any defendant, despite the fact that their SAC consists of hundreds of paragraphs purporting to recite the intimate details of such purported conversations. Compare SAC ¶¶ 1-367 with Dkts. 119 – 121. The Application should thus be denied as against the JPMorgan Defendants because no evidence supports any cause of action against them, and the Merritts have not established any

1  possibility, much less probability, of prevailing.  *See Winter*, 555 US at 22 (a preliminary

2  injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the

3  plaintiff is entitled to such relief."); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir.

4  2015) (if plaintiff fails to show likelihood of success, the court generally need not consider the

5  other three *Winters* elements).  Furthermore, pursuant to this Court's April 24, 2018 Order, the

6  only claims remaining against the JPMorgan Defendants are those for purported violation of the

7  UCC, RICO, 42 USC §§ 1985 and 1986, and the FDCPA to the extent the Merritts can state an

8  FDCPA claim premised upon alleged conduct occurring after October 25, 2016.  Dkt. 108.  The

9  Application should thus also be denied because no evidence supports any element of any of the

10  remaining claims against the JPMorgan Defendants.  *See Triad Systems Corp. v. Southeastern

11  Express Co.* 64 F.3d 1330, 1337-1338 (9th Cir. 1995) (prior adverse ruling may preclude plaintiff

12  from establishing a likelihood of prevailing) (superseded by statute on other grounds as stated in

13  *2Die4Kourt v. Hillair Capital Management, LLC,* 692 Fed.Appx. 366, 369 (9th Cir. 2017).)

14       Third, that the Merritts' Application and supporting evidence pertain almost exclusively to

15  alleged acts by CHL and BOA between 2006 and 2009, merely confirms that this third lawsuit is

16  an attempt to reassert the same claims they asserted in *Merritt I* based upon the same alleged acts

17  by CHL and BOA.  *See* Dkt. 119 pgs 2, 3-20; Dkt.120 ¶¶ 3-51; Dkt. 121 ¶¶ 3-17.  The Merritts

18  thus fail to establish a likelihood of prevailing because the claims and assertions set forth in the

19  Application and its supporting evidence were in fact asserted in *Merritt I,* and are barred by claim

20  preclusion and/or res judicata based on the judgment in *Merritt I,* for the reasons the JPMorgan

21  Defendants have explained thrice previously.  *See* Dkt. 58 at pgs. 12-15; *see also* Dkt. 20 at pgs.

22  11-14; Dkt. 126 at pgs. 14-15.  Similarly, the Application's assertions and supporting evidence of

23  alleged acts by CHL and BOA occurring between 2006 and 2009 also confirm that the Merritts'

24  claims are barred by the applicable statutes of limitation, for the reasons the JPMorgan Defendants

25  have also previously discussed in detail.  *See* Dkt. 58 at pgs.7-11; *see also* Dkt. 20 at pgs.7-11;

26  Dkt. 126 at pgs. 5-14.  The Application should be denied for both reasons, as both show that the

27  Merritts have no likelihood of prevailing on any of their causes of action.  *See, e.g., Winter*, 555

28  US at 22; *see also Garcia*, 786 F.3d at 740.

11785580.1

2

1    Fourth, other than evidence pertaining to CHL and BOA's alleged actions in 2006-2009,
2 the Merritts' only other assertion is that defendant SLS engaged in "dual tracking." Dkt. 119 at
3 pg. 5. However, none of the Merritts' complaints, including their operative SAC, ever asserted a
4 "dual tracking" claim, nor any allegation purporting to show that they submitted a loan
5 modification application to any person or entity at any time after 2009. *See* SAC ¶¶ 1-367. As
6 such, the Application should be denied to the extent it purports to seek relief as against SLS for
7 "dual tracking," as any such claim is outside the issues raised by their complaints, including the
8 operative SAC. *See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr*., 810 F.3d 631, 636
9 (9th Cir. 2015) (affirming denial of preliminary injunction "because the motion for relief was
10 unrelated to the underlying complaint."); *see also Kaimowitz v. Orlando, Fla*., 122 F.3d 41, 43
11 (11th Cir. 1997) (affirming denial of preliminary injunction because the relief requested was "not
12 of the same character that could be granted finally" and involved matters "outside of the issues in
13 the suit."); *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997).
14    Fifth, it is undisputed that the Merritts have not made a loan payment since October 2008,
15 yet they have continued to enjoy ownership and possession of the subject property at all times,
16 even now, nearly a *decade* later. Dkt. 29 ¶ 29. Furthermore, the foreclosure sale that the Merritts
17 seek to avoid is merely the result of their failure to make their loan payments, and as such the
18 equities weigh heavier against them. *See Novartis Consumer Health, Inc. v. Johnson & Johnson-*
19 *Merck Consumer Pharmaceuticals Co*. 290 F.3d 578, 596 (3rd Cir. 2002) (in balancing the harm,
20 injury a party might suffer should be discounted if that party brought the injury upon itself).
21 Given that the Merritts have not made a loan payment since the George W. Bush Administration,
22 and now seek to retain ownership of the property only by asserting the same claims they asserted
23 in 2009 in *Merritt I* and *II,* both of which were dismissed with prejudice years ago, the JPMorgan
24 Defendants submit that the balancing of equities and hardships weigh only against the Merritts at
25 this late date. *See Earth Island Institute v. Carlton,* 626 F.3d 462, 475 (9th Cir. 2010) ("The
26 assignment of weight to particular harms is a matter for district courts to decide").
27    Finally, the requested injunction's reach is narrow and is directed only at defendants SLS
28 and US Bank as trustee, and as such the public interest factor is "at most a neutral factor in the

analysis rather than one that favors granting or denying the preliminary injunction." *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1139 (9th Cir. 2009) (internal quotes and brackets omitted).

For the foregoing reasons, the Application should be denied.

Dated:  June 11, 2018                     **BRYAN CAVE LEIGHTON PAISNER LLP**

By:   /s/ Joseph J. Poppen
Joseph J. Poppen
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.; and STRUCTURED ASSET MORTGAGE INVESTMENTS II